UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASIC NET, LLC,<br><br>                                    Plaintiff<br><br>                  v.<br><br>WT DATA MINING AND SCIENCE CORP.,<br>and ARTHUR DIGITAL ASSETS, INC.<br><br>                                    Defendant | Case No.:<br><br>**COMPLAINT FOR MONEY DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff, ASIC Net LLC ("ASIC Net"), by and through its undersigned counsel, states the following for its Complaint against Defendants WT Data Mining and Science Corp. ("WT Data Mining") and Arthur Digital Assets, Inc. aka Arthur Mining ("Arthur"):

1.      This case is about a series of contracts breached by Defendants. After breaching their obligations to ASIC Net under a Services Agreement, as described below, WT Data Mining entered into a Settlement Agreement with ASIC Net.

2.      Thereafter, WT Data Mining breached the Settlement Agreement.

3.      After breaching their obligations under the Settlement Agreement, as described below, WT Data Mining entered into an Amended Settlement Agreement with ASIC Net.

4.      Thereafter, WT Data Mining breached the Amended Settlement Agreement.

5.      Accordingly, ASIC Net brings this action to enforce its rights under the series of agreements, further described below, as against WT Data Mining and Arthur.

<u>Parties</u>

6.      ASIC Net, LLC is a Delaware limited liability company, whose sole member, Mason Jappa ("Jappa") is a resident and citizen of New York state.

1

7.      Upon information and belief, Defendant WT Data Mining and Science Corp. is a Delaware corporation with its principal place of business in Delaware.

8.      Upon information and belief, Defendant Arthur Digital Assets, Inc. aka Arthur Mining is a Delaware corporation with its principal place of business in Delaware.

<u>Jurisdiction and Venue</u>

9.      This Court has jurisdiction to hear this action pursuant to Title 28, United States Code, Section 1332, as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. There is complete diversity because ASIC Net, LLC is a limited liability company whose sole member is a citizen and resident of New York state and the Defendants are both Delaware Corporations with principle places of business outside of the state of New York.

10.      Venue is appropriate in this district pursuant to Title 28, United States Code, Section 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district and because of the forum-selection clause contained in the parties' operative agreement.

11.      Specifically, pursuant to a settlement agreement and amended settlement agreement among ASIC and WT Data Mining, each of the parties agreed that "[t]he Parties shall submit all their disputes arising out of or in connection with this Agreement to the exclusive jurisdiction and venue of the federal and state courts located in the State and County of New York." *See* Amended Settlement Agreement, attached as **Exhibit A**, at ¶ 11; Settlement Agreement, attached as **Exhibit B**.

2

Factual Background

*The Services Agreements*

12.     On July 22, 2022, WT Data Mining entered into a services agreement (the "Services Agreement") with ASIC Net.

13.     The Services Agreement was for ASIC Net to consult with WT Data Mining in developing specifications for one or more computer systems designed to mine for cryptocurrencies or such other purposes to which the parties may agree. *See* Services Agreement, Ex. C at §1.

14.     Once the specifications had been agreed upon by ASIC Net and WT Data Mining, ASIC Net provided a written invoice (the "Invoice", attached hereto as **Exhibit D**) to WT Data Mining of the cost of the computer system plus ASIC Net's consulting fee for its services under the Services Agreement.

15.     The Invoice was for 590 Bitcoin miners (the "Miners")—200 used A1246 85T Bitcoin miners and 390 used A1246 87T Bitcoin miners—at a price of $1,118.65 per unit, for a total of $660,000 (the "Invoice Total"). *See* Invoice, Ex. D.

16.     Under the Services Agreement ASIC Net was to arrange for the purchase and delivery of the Miners.

17.     On December 5, 2022, the Parties executed the First Amendment to Services Agreement ("Amendment", collectively with the Services Agreement, the "Amended Services Agreement," attached hereto as **Exhibit C**).

18.     The Amendment amended Section 2(a) of the Services Agreement, so that rather than one lump sum payment of the Invoice Total due prior to delivery of the Miners, the payment of the Invoice Total was broken into six payments due on specific dates.

3

19.     Under the Amended Services Agreement, the Invoice Total was to be paid according to the following schedule (the "Payment Schedule"):

- **Payment 1:** $300,000 due upon receipt of the Invoice;

- **Payment 2:** $35,000.00 due on December 10, 2022;

- **Payment 3:** $35,000.00 due on December 20, 2022;

- **Payment 4:** $70,000.00 due on January 10, 2022;

- **Payment 5:** $70,000.00 due on February 10, 2022; and

- **Payment 6:** $70,000.00 due on March 10, 2022.

*See* Amended Services Agreement, Ex. C at §2(a)(i) [sic].

20.     Any late payments to ASIC Net were to "bear interest of 10% per month, or the maximum allowed by law." *See* Amended Services Agreement, Ex. C at §2(a)(i).

21.     Specifically, the Amended Services Agreement states that "Any late payment from Arthur to ASIC NET LLC shall bear interest of 10% per month, or the maximum allowed by law." *See* Amended Services Agreement, Ex. C at §2(a)(i).

22.     The timing of payments under the Amended Services Agreement was not tied to or contingent upon the prior receipt of the Miners. *See* Amended Services Agreement, Ex. C at §2(a)(i).

23.     The first installment of $300,000 (Three Hundred Thousand Dollars) had already been paid when the Invoice was submitted on July 20, 2022.

24.     WT Data Mining failed to submit the remaining payments when due under the Payment Schedule.

25.     On January 26, 2023, ASIC Net delivered the Miners to WT Data Mining.

26.     The Miners were delivered to WT Data Mining at the address indicated on the Invoice: 8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio 45236. (See Invoice, attached hereto as **Exhibit D**).

27.     Arthur Mining is also located at 8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio 45236.

28.     8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio 45236 is listed as Arthur Mining's address on both the Foreign For-Profit Corporation Application For License that was filed with the Ohio Secretary of State on or around May 2022 and on the Form D Notice of Exempt Offering of Securities that was signed by Ruda Pellini in July 2021 as the President of Arthur Mining. (See SEC Filings for Arthur Mining attached hereto as **Exhibit E**, available at https://www.sec.gov/Archives/edgar/data/1767475/000176747521000003/xslFormDX01/primary_doc.xml).

29.     Upon information and belief, WT Data Mining has not filed a Foreign For-Profit Corporation Application for License or otherwise registered with the Ohio Secretary of State.

30.     As of February 1, 2023, WT Data Mining was over $122,500 in arrears under the Amended Services Agreement, not including interest.

31.     On February 1, 2023, counsel for ASIC Net sent a letter to Ruda Pellini, Director of WT Data Mining and Director, co-founder and President of Arthur Mining, regarding WT Data Mining's breach of contract and non-payment for goods and services rendered pursuant to the Amended Services Agreements. (*See* Letter to WT Data Mining, attached as **Exhibit F**). The letter requested payment within the next five days of the money due under the Amended Services Agreement.

32.     On February 10, 2023, Cleverton Ribeiro, a representative of WT Data Mining and Chief Technology Office and Director of Arthur Mining, sent an email to Mason Jappa, the sole member of ASIC Net, stating in part:

> "Stressing our cashflow internally, here is what we believe we can commit:
>
> $17.5k – End of Next week
>
> $35k – 28th February
>
> $70k – 10th March
>
> $70k – 31st March
>
> $80k – 14th April
>
> We added $10k in the last payment as a 'penalty Fee' for this new schedule, as I was confident we would be able to have the payments pushed earlier and settle it in March."

33.     WT Data Mining paid the second installment of $35,000 (Thirty-Five Thousand Dollars, originally due on December 10, 2022) in three payments of $17,500 (Seventeen-Five Hundred Dollars) on December 17, 2022, $10,000 (Ten Thousand Dollars) on February 18, 2023 and $7,500 (Seven Thousand Five Hundred Dollars) on February 28, 2023.

34.     On March 10, 2023, WT Data Mining paid the third installment of $35,000 (Thirty-Five Thousand Dollars), over two and a half months late from the schedule set forth in the Amended Services Agreement.

*The Settlement Agreement*

35.     On March 29, 2023, the Parties entered into a settlement agreement (the "Settlement Agreement") to settle all potential claims and resolve any and all disputes and disagreements between the Parties.

36.     Under the Settlement Agreement, WT Data Mining agreed to pay the sum of $260,000.00 (Two Hundred Sixty Thousand and 00/100 Dollars) (hereinafter, the "Settlement Amount") as full and final settlement of all of the claims asserted against it by ASIC Net, including but not limited to any claims arising out of the Services Agreements or any invoices issued thereunder. ASIC Net's release of claims against WT Data Mining was "Subject to and conditioned upon WT Data Mining's full payment of the Settlement Amount."

37.     The Settlement Amount was to be paid in four installments according to the following schedule:

- **Payment 1:** $70,000 (Seventy Thousand Dollars) due on March 30, 2023;

- **Payment 2:** $70,000 (Seventy Thousand Dollars) due on April 7, 2023;

- **Payment 3:** $70,000 (Seventy Thousand Dollars) due on April 21, 2023; and

- **Payment 4:** $50,000 (Fifty Thousand Dollars) due on April 28, 2023.

    *See* Settlement Agreement, Ex. B, at § 4.

38.     Under the Settlement Agreement, if WT Data Mining defaulted on a payment when due and payable, it would incur an additional $5,000 penalty for that payment, which would become due and payable on April 28, 2023. *See* Settlement Agreement, Ex. B, at § 5.  It was understood and agreed by the Parties that (i) ASIC Net would be damaged by failure of WT Data Mining to make timely payments, (ii) it would be impracticable or extremely difficult to fix the actual damages resulting therefrom, (iii) any sums which would be payable under Section 5 of the Settlement Agreement are in the nature of liquidated damages, and not a penalty, and are fair and reasonable estimates of such damages, and (iv) such payment represents a reasonable estimate of fair compensation for the loss of revenue which may be reasonably anticipated from such failure.

39.     WT Data Mining defaulted on the payment of $70,000 due on March 30, 2023.

40.     WT Data Mining incurred a penalty of $5,000 for defaulting on the first payment when due and payable.

41.     WT Data Mining defaulted on the payment of $70,000 due on April 7, 2023.

42.     WT Data Mining incurred a penalty of $5,000 for defaulting on the second payment when due and payable.

43.     WT Data Mining made a payment of $20,000 on April 13, 2023, over two weeks after the first payment was scheduled in the Settlement Agreement, and $120,000 less than what WT Data Mining was in arrears at that time.

44.     Under Section 5 of the Settlement Agreement: "The late or non-conforming tender of any installment shall not act to revive, or reinstate, the right to make periodic installments, or to defer payment of the total, and any payments received after the default shall be applied on account of the accrued interest and the balance to principal and without a waiver of the default herein or the right to collect the accelerated balance."

45.     WT Data Mining defaulted on the payment of $70,000 due on April 21, 2023

46.     WT Data Mining incurred a penalty of $5,000 for defaulting on the third payment when due and payable.

47.     WT Data Mining defaulted on the payment of $50,000 due on April 28, 2023.

48.     WT Data Mining incurred a penalty of $5,000 for defaulting on the forth payment when due and payable.

49.     WT Data Mining defaulted on payment of all four installments, resulting in a total of $20,000 in penalty fees.

50.     On May 1, 2023, counsel for ASIC Net sent a letter to counsel for WT Data Mining regarding WT Data Mining's non-payment and default of obligations under the Settlement Agreement. (*See* Letter to WT Data Mining, attached as **Exhibit G**). The letter requested payment by May 8, 2023 of the $260,000 due under the Settlement Agreement.

51.     WT Data Mining did not provide payment of its outstanding obligations under the Settlement Agreement by May 8, 2023.

52.     As of June 2023, WT Data Mining owed $260,000 under the terms of the Settlement Agreement.

53.     The Settlement Agreement also provides for attorneys' fees and expenses to a prevailing party to collect payment and enforce the Settlement Agreement.

*The Amended Settlement Agreement and Release*

54.     On July 14, 2023, the Parties entered into an amended settlement agreement (the "Amended Settlement Agreement") to settle all potential claims and resolve any and all disputes and disagreements between the Parties.

55.     Under the Amended Settlement Agreement, WT Data Mining agreed to pay the sum of $260,000.00 (Two Hundred Sixty Thousand and 00/100 Dollars) (hereinafter, the "Settlement Amount") as full and final settlement of all of the claims asserted against it by ASIC Net, including but not limited to any claims arising out of the Services Agreements or any invoices issued thereunder.  ASIC Net's release of claims against WT Data Mining was "Subject to and conditioned upon WT Data Mining's full payment of the Revised Settlement Amount."

56.     The Revised Settlement Amount was to be paid in five installments according to the following schedule:

- **Payment 1:** $20,000 (Twenty Thousand Dollars) due on July 14, 2023;

- **Payment 2:** $20,000 (Twenty Thousand Dollars) due on July 19, 2023;

- **Payment 3:** $40,000 (Forty Thousand Dollars) due on July 24, 2023;

- **Payment 4:** $80,000 (Eighty Thousand Dollars) due on August 7, 2023; and

- **Payment 5:** $65,000 (Sixty-Five Thousand Dollars) due on August 21, 2023.

*See* Amended Settlement Agreement, Ex. A, at § 4.

57.     Under the Amended Settlement Agreement, if WT Data Mining defaulted on a payment when due and payable, it would incur an additional $7,500 penalty for that payment, which would become due and payable on August 21, 2023. *See* Amended Settlement Agreement, Ex. A, at § 5. Under the Amended Settlement Agreement, it was understood and agreed by the Parties that (i) ASIC Net would be damaged by failure of WT Data Mining to make timely payments, (ii) it would be impracticable or extremely difficult to fix the actual damages resulting therefrom, (iii) any sums which would be payable under Section 5 of the Amended Settlement Agreement are in the nature of liquidated damages, and not a penalty, and are fair and reasonable estimates of such damages, and (iv) such payment represents a reasonable estimate of fair compensation for the loss of revenue which may be reasonably anticipated from such failure. *See* Amended Settlement Agreement, Ex. A, at § 5.

58.     WT Data Mining made the first three payments when due and payable.

59.     WT Data Mining defaulted on the payment of $80,000 due on August 7, 2023.

60.     WT Data Mining incurred a penalty of $7,500 for defaulting on the fourth payment of $80,000 when due and payable on August 7, 2023.

61.     WT Data Mining defaulted on the payment of $65,000 due on August 21, 2023

62.     WT Data Mining incurred a penalty of $7,500 for defaulting on the fifth payment of $65,000 when due and payable on August 21, 2023.

63.     WT Data Mining defaulted on payment of the final two installments, resulting in a total of $15,000 in penalty fees.

64.     As of October 12, 2023, WT Data Mining owed $160,000 under the terms of the Amended Settlement Agreement.

65.     The Amended Settlement Agreement also provides for attorneys' fees and expenses to a prevailing party to collect payment and enforce the Settlement Agreement.

*WT Data Mining is an Alter Ego of Arthur Mining*

66.     WT Data Mining was the alter ego of Arthur Mining and therefore Arthur Mining is liable for the moneys owed by WT Data Mining.

67.     Upon information and belief, throughout the relevant period, Arthur Mining controlled and dominated the affairs of WT Data Mining, such that WT Data Mining was merely an alter-ego of Arthur Mining. The two functioned as a single economic entity and this structure worked a fraud and injustice against ASIC Net.

68.     Upon information and belief, Defendants WT Data Mining and Arthur Mining did not observe corporate formalities. Arthur Mining's management was WT Data Mining's management. During the relevant period, members of Arthur Mining's management team simultaneously served in management roles at WT Data Mining: (a) Ruda Pellini, Co-founder, President and Director at Arthur Mining was also serving during the relevant period as Chief Business Officer and Director at WT Data Mining and signed contracts simultaneously on behalf of both companies; (b) Cleverton Ribeiro, Chief Technology Officer and Director at Arthur

Mining was also serving as the Head of Technology at WT Data Mining during the relevant period.

69.     Upon information and belief, Defendant WT Data Mining was not adequately capitalized and did not have sufficient funds to cover its foreseeable liabilities, including those owed to ASIC Net, creating an unjust result for creditors.

70.     Upon information and belief, WT Data Mining intentionally deceived ASIC Net, repeatedly representing that their investors would be able to cover the obligations owed to ASIC Net.

71.     Upon information and belief, Arthur Mining used WT Data Mining as a corporate fraud to avoid paying their obligations.

72.     WT Data Mining misrepresented their connection to Arthur Mining and Arthur Mining's funding of their investment, including by stating in the Amended Services Agreement that "[a]ny late payment from *Arthur* to ASIC NET LLC shall bear interest of 10% per month, or the maximum allowed by law." *See* Amended Services Agreement, Ex. C at §2(a)(i) (emphasis added).

73.     The Miners were sent to WT Data Mining at Arthur Mining's address in Ohio. The Miners were sent to the address listed on the Invoice: 8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio.  This address is also listed as Arthur Mining's address on the Foreign For-Profit Corporation Application For License that was filed with the Ohio Secretary of State on or around May 2022 and on the Form D Notice of Exempt Offering of Securities that was signed by Ruda Pellini in July 2021. Upon information and belief, WT Data Mining has not filed a Foreign For-Profit Corporation Application for License or otherwise registered with the Ohio Secretary of State.

<u>Count I: Breach of Contract – Amended Settlement Agreement against WT Data Mining</u>

74.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs 1-73 as though set forth here in their entirety.

75.     WT Data Mining entered into a valid and enforceable contract with ASIC Net, *i.e.*, the Amended Settlement Agreement. *See* Ex. A.

76.     ASIC Net performed its obligations under the Amended Settlement Agreement.

77.     WT Data Mining materially breached the Amended Settlement Agreement by failing to pay amounts due and owing to ASIC Net as required under the Amended Settlement Agreement.

78.     WT Data Mining's material breaches have caused damages to ASIC Net.

79.     As of September 1, 2023, ASIC Net has been damaged by WT Data Mining's breach of contract in an amount in excess of $160,000, plus additional damages that continue to accrue, including interest, costs, and attorneys' fees.


<u>Count II: Breach of Contract – Settlement Agreement against WT Data Mining</u>

80.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs 1-73 as though set forth here in their entirety.

81.     WT Data Mining entered into a valid and enforceable contract with ASIC Net, *i.e.*, the Settlement Agreement. *See* Ex. B.

82.     ASIC Net performed its obligations under the Settlement Agreement.

83.     WT Data Mining materially breached the Settlement Agreement by failing to pay amounts due and owing to ASIC Net as required under the Settlement Agreement.

84.     WT Data Mining's material breaches have caused damages to ASIC Net.

85.     As of October 12, 2023, ASIC Net has been damaged by WT Data Mining's breach of contract in an amount in excess of $160,000, plus additional damages that continue to accrue, including interest, costs, and attorneys' fees.

Count III: Breach of Contract – Amended Services Agreement against WT Data Mining

86.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs 1-73 as though set forth here in their entirety.

87.     WT Data Mining entered into a valid and enforceable contract with ASIC Net.

88.     ASIC Net delivered all of the Miners outlined in the Amended Services Agreement and Invoice.

89.     ASIC Net performed its obligations under the Amended Services Agreement.

90.     WT Data Mining materially breached the Amended Services Agreement by failing to pay amounts due and owing to ASIC Net as required under the Amended Services Agreement.

91.     WT Data Mining's material breaches have caused damages to ASIC Net.

92.     As of October 12, 2023, ASIC Net has been damaged by WT Data Mining's breach of contract in an amount in excess of $160,000, plus additional damages that continue to accrue, including interest, costs, and attorneys' fees.

Count IV: Breach of Contract – Amended Settlement Agreement
against Arthur Mining under Alter Ego Theory

93.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs 1-92 as though set forth here in their entirety.

94.     WT Data Mining entered into a valid and enforceable contract with ASIC Net, *i.e.*, the Amended Settlement Agreement. *See* Ex. A.

95.     ASIC Net performed its obligations under the Amended Settlement Agreement.

96.     WT Data Mining materially breached the Amended Settlement Agreement by failing to pay amounts due and owing to ASIC Net as required under the Amended Settlement Agreement.

97.     WT Data Mining's material breaches have caused damages to ASIC Net.

98.     As of October 12, 2023, ASIC Net has been damaged by WT Data Mining's breach of contract in an amount in excess of $160,000, plus additional damages that continue to accrue, including interest, costs, and attorneys' fees.

99.     WT Data Mining was the alter ego of Arthur Mining and therefore Arthur Mining is liable for the moneys owed by WT Data Mining.

100.    Upon information and belief, throughout the relevant period, Arthur Mining controlled and dominated the affairs of WT Data Mining, such that WT Data Mining was merely an alter-ego of Arthur Mining. The two functioned as a single economic entity and this structure worked a fraud and injustice against ASIC Net.

101.    Upon information and belief, Defendants WT Data Mining and Arthur Mining did not observe corporate formalities. Arthur Mining's management was WT Data Mining's management. During the relevant period, members of Arthur Mining's management team simultaneously served in management roles at WT Data Mining: (a) Ruda Pellini, Co-founder, President and Director at Arthur Mining was also serving during the relevant period as Chief Business Officer and Director at WT Data Mining and signed contracts simultaneously on behalf of both companies; (b) Cleverton Ribeiro, Chief Technology Officer and Director at Arthur

Mining was also serving as the Head of Technology at WT Data Mining during the relevant period.

102.    Upon information and belief, Defendant WT Data Mining was not adequately capitalized and did not have sufficient funds to cover its foreseeable liabilities, including those owed to ASIC Net, creating an unjust result for creditors.

103.    Upon information and belief, WT Data Mining intentionally deceived ASIC Net, repeatedly representing that their investors would be able to cover the obligations owed to ASIC Net.

104.    Upon information and belief, Arthur Mining used WT Data Mining as a corporate fraud to avoid paying their obligations.

105.    WT Data Mining misrepresented their connection to Arthur Mining and Arthur Mining's funding of their investment, including by stating in the Amended Services Agreement that "[a]ny late payment from *Arthur* to ASIC NET LLC shall bear interest of 10% per month, or the maximum allowed by law." *See* Amended Services Agreement, Ex. C at §2(a)(i) (emphasis added).

106.    The Miners were sent to WT Data Mining at Arthur Mining's address in Ohio. The Miners were sent to the address listed on the Invoice: 8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio.  This address is also listed as Arthur Mining's address on the Foreign For-Profit Corporation Application For License that was filed with the Ohio Secretary of State on or around May 2022 and on the Form D Notice of Exempt Offering of Securities that was signed by Ruda Pellini in July 2021.  Upon information and belief, WT Data Mining has not filed a Foreign For-Profit Corporation Application for License or otherwise registered with the Ohio Secretary of State.

<u>Count V: Breach of Contract – Settlement Agreement</u>

<u>against Arthur Mining under Alter Ego Theory</u>

107.    Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs 1-106 as though set forth here in their entirety.

108.    WT Data Mining entered into a valid and enforceable contract with ASIC Net, *i.e.*, the Settlement Agreement. *See* Ex. B.

109.    ASIC Net performed its obligations under the Settlement Agreement.

110.    WT Data Mining materially breached the Settlement Agreement by failing to pay amounts due and owing to ASIC Net as required under the Settlement Agreement.

111.    WT Data Mining's material breaches have caused damages to ASIC Net.

112.    As of October 12, 2023, ASIC Net has been damaged by WT Data Mining's breach of contract in an amount in excess of $160,000, plus additional damages that continue to accrue, including interest, costs, and attorneys' fees.

113.    Upon information and belief, WT Data Mining was the alter ego of Arthur Mining and therefore Arthur Mining is liable for the moneys owed by WT Data Mining.

114.    Upon information and belief, throughout the relevant period, Arthur Mining controlled and dominated the affairs of WT Data Mining, such that WT Data Mining was merely an alter-ego of Arthur Mining. The two functioned as a single economic entity and this structure worked a fraud and injustice against ASIC Net.

115.    Upon information and belief, Defendants WT Data Mining and Arthur Mining did not observe corporate formalities. Arthur Mining's management was WT Data Mining's management. During the relevant period, members of Arthur Mining's management team simultaneously served in management roles at WT Data Mining: (a) Ruda Pellini, Co-founder,

17

President and Director at Arthur Mining was also serving during the relevant period as Chief

Business Officer and Director at WT Data Mining and signed contracts simultaneously on behalf

of both companies; (b) Cleverton Ribeiro, Chief Technology Officer and Director at Arthur

Mining was also serving as the Head of Technology at WT Data Mining during the relevant

period.

116.    Upon information and belief, Defendant WT Data Mining was not adequately

capitalized and did not have sufficient funds to cover its foreseeable liabilities, including those

owed to ASIC Net, creating an unjust result for creditors.

117.    Upon information and belief, WT Data Mining intentionally deceived ASIC Net,

repeatedly representing that their investors would be able to cover the obligations owed to ASIC

Net.

118.    Upon information and belief, Arthur Mining used WT Data Mining as a corporate

fraud to avoid paying their obligations.

119.    WT Data Mining misrepresented their connection to Arthur Mining and Arthur

Mining's funding of their investment, including by stating in the Amended Services Agreement

that "[a]ny late payment from Arthur to ASIC NET LLC shall bear interest of 10% per month, or

the maximum allowed by law." *See* Amended Services Agreement, Ex. C at §2(a)(i).

120.    The Miners were sent to WT Data Mining at Arthur Mining's address in Ohio.

The Miners were sent to the address listed on the Invoice: 8040 Hosbrook Rd., Ste. 202,

Cincinnati, Ohio.  This address is also listed as Arthur Mining's address on the Foreign For-Profit

Corporation Application For License that was filed with the Ohio Secretary of State on or around

May 2022 and on the Form D Notice of Exempt Offering of Securities that was signed by Ruda

Pellini in July 2021.  Upon information and belief, WT Data Mining has not filed a Foreign For-

Profit Corporation Application for License or otherwise registered with the Ohio Secretary of State.

Count VI: Breach of Contract – Amended Services Agreement

against Arthur Mining under Alter Ego Theory

121.    Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs 1-120 as though set forth here in their entirety.

122.    WT Data Mining entered into a valid and enforceable contract with ASIC Net.

123.    ASIC Net delivered all of the Miners outlined in the Amended Services Agreement and Invoice.

124.    The Miners were sent to WT Data Mining at Arthur Mining's address in Ohio. The Miners were sent to the address listed on the Invoice: 8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio.  This address is also listed as Arthur Mining's address on the Foreign For-Profit Corporation Application For License that was filed with the Ohio Secretary of State on or around May 2022 and on the Form D Notice of Exempt Offering of Securities that was signed by Ruda Pellini in July 2021. Upon information and belief, WT Data Mining has not filed a Foreign For-Profit Corporation Application for License or otherwise registered with the Ohio Secretary of State.

125.    ASIC Net performed its obligations under the Amended Services Agreement.

126.    WT Data Mining materially breached the Amended Services Agreement by failing to pay amounts due and owing to ASIC Net as required under the Amended Services Agreement.

127.    WT Data Mining's material breaches have caused damages to ASIC Net.

128.     As of October 12, 2023, ASIC Net has been damaged by WT Data Mining's breach of contract in an amount in excess of $160,000, plus additional damages that continue to accrue, including interest, costs, and attorneys' fees.

129.     WT Data Mining was the alter ego of Arthur Mining and therefore Arthur Mining is liable for the moneys owed by WT Data Mining.

130.     Upon information and belief, throughout the relevant period, Arthur Mining controlled and dominated the affairs of WT Data Mining, such that WT Data Mining was merely an alter-ego of Arthur Mining. The two functioned as a single economic entity and this structure worked a fraud and injustice against ASIC Net.

131.     Upon information and belief, Defendants WT Data Mining and Arthur Mining did not observe corporate formalities. Arthur Mining's management was WT Data Mining's management. During the relevant period, members of Arthur Mining's management team simultaneously served in management roles at WT Data Mining: (a) Ruda Pellini, Co-founder, President and Director at Arthur Mining was also serving during the relevant period as Chief Business Officer and Director at WT Data Mining and signed contracts simultaneously on behalf of both companies; (b) Cleverton Ribeiro, Chief Technology Officer and Director at Arthur Mining was also serving as the Head of Technology at WT Data Mining during the relevant period.

132.     Upon information and belief, Defendant WT Data Mining was not adequately capitalized and did not have sufficient funds to cover its foreseeable liabilities, including those owed to ASIC Net, creating an unjust result for creditors.

133.     Upon information and belief, WT Data Mining intentionally deceived ASIC Net, repeatedly representing that their investors would be able to cover the obligations owed to ASIC Net.

134.     Upon information and belief, Arthur Mining used WT Data Mining as a corporate fraud to avoid paying their obligations.

135.     WT Data Mining misrepresented their connection to Arthur Mining and Arthur Mining's funding of their investment, including by stating in the Amended Services Agreement that "[a]ny late payment from Arthur to ASIC NET LLC shall bear interest of 10% per month, or the maximum allowed by law." *See* Amended Services Agreement, Ex. C at §2(a)(i).

136.     The Miners were sent to WT Data Mining at Arthur Mining's address in Ohio. The Miners were sent to the address listed on the Invoice: 8040 Hosbrook Rd., Ste. 202, Cincinnati, Ohio.  This address is also listed as Arthur Mining's address on the Foreign For-Profit Corporation Application For License that was filed with the Ohio Secretary of State on or around May 2022 and on the Form D Notice of Exempt Offering of Securities that was signed by Ruda Pellini in July 2021.  Upon information and belief, WT Data Mining has not filed a Foreign For-Profit Corporation Application for License or otherwise registered with the Ohio Secretary of State.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff the following relief:

(i)     Compensatory damages in excess of $160,000 in an amount to be determined at trial;

(ii)    All costs and expenses incurred in connection with this litigation, including attorneys' fees;

(iii)   Prejudgment and post judgment interest at the maximum amount allowed by law; and

(iv)   Any such other relief as the Court deems just and proper.

<u>Jury Demand</u>

Plaintiff demands a trial by jury on all issues so triable.

Dated:  Bronxville, New York
        October 12, 2023

> **BAUMAN LAW GROUP P.C.**
> */s/ Timothy C. Bauman*
> Timothy C. Bauman
> 141 Parkway Road, Suite 9
> Bronxville, New York 10708
> Tel: (914)337-1715
> Fax: (914) 361-4008
> tbauman@baumanlawgroup.com
> *Attorney for Plaintiff*